NO. 07-04-00280-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2005

BRIAN CAVAZOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-401,544; HONORABLE CECIL PURYEAR, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, J.J.

**MEMORANDUM OPINION**

Appellant, Brian Cavazos, appeals from convictions in two paragraphs for two separate charges of burglary of a habitation with intent to commit sexual assault and resulting punishments of confinement for a period of ten years probated for a period of ten years and a fine of $7,500.00, not probated, on each paragraph. By three issues, appellant contends that the trial court erred in (1) denying appellant's motion to suppress oral statements made by appellant concerning extraneous bad acts because the same

were irrelevant, (2) admitting the investigating officer's testimony concerning the statements of appellant about extraneous bad acts when offered, pursuant to Texas Rule of Evidence 404(b), to prove identity, and (3) admitting the investigating officer's testimony concerning appellant's statements about extraneous bad acts because the probative value of said statements was substantially outweighed by the danger of unfair prejudice, in violation of Texas Rule of Evidence 403.[1] We affirm the judgment.

## Factual Background

On June 23, 2002, Jennifer Bittle and Amber Slayton (collectively, the victims) were at Bittle's apartment when, at approximately 3:30 a.m., someone knocked on the apartment door. When Bittle answered the knock, the person, whom the victims did not know, asked if this was where the party was at. The person then forced his way inside the apartment. The intruder told the victims that he had a gun and demanded their money. After the victims informed the intruder that they had no money, the intruder advised the victims that he had always had a fantasy about having sex with a white woman. The intruder then ordered the victims to disrobe. The victims refused to disrobe and were successful in diverting the intruder's attention to other matters. Eventually, the intruder agreed to leave and showed the victims that he did not have a gun. The intruder obtained a promise from the victims that they would not call the police and, after getting a hug from each, left the scene.

---

[1] Further reference to provisions of the Texas Rules of Evidence will be by reference to "Rule __."

On August 16, 2002, the victims were at the Midnight Rodeo nightclub where they saw appellant and agreed that he was the intruder of June 23rd. The victims notified the police who spoke with, but did not arrest, appellant. Subsequently, appellant was contacted by Detective Rick Calderon of the Lubbock Police Department. Calderon asked appellant to come to the station to talk to him. While visiting with Calderon, appellant stated that he had previously gone to apartments requesting directions to parties. Appellant was not detained after this initial interview, but was later asked to come back to sign a statement, which he refused to do.

Before trial, appellant filed a motion to suppress the statements he had made to Calderon. Following a hearing, the trial court denied the motion. At trial, appellant vigorously contested the victims' identification of him as the intruder. Appellant argued that he did not meet the description of the intruder that the victims gave soon after the incident. Appellant renewed his objection to testimony about the statements he made to Calderon and challenged the State's position that these statements were direct evidence of the charged offenses.

**Rules 401 and 402**

Appellant's first issue contends that Calderon's testimony relating appellant's oral statements was not relevant to any issue before the jury and, therefore, was inadmissible under Rules 401 and 402. On appeal, the trial court's decision to admit evidence is reviewed under an abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex.Crim.App. 2002). As long as the trial court's ruling is within the zone of reasonable

disagreement, the appellate court will not intercede. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). It is only where the appellate court can say with confidence that by no reasonable perception of common experience can it be concluded that the proffered evidence has a tendency to make the existence of a fact of consequence more or less probable than it would otherwise be that the trial court has abused its discretion in admitting the evidence. Id.

As defined by Rule 401, relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rankin v. State, 974 S.W.2d 707, 718 (Tex.Crim.App. 1998). Appellant's argument is that Calderon's testimony relayed information that would be known to any resident of Lubbock and, therefore, would not be of such a nature as to make a fact of consequence more probable and, accordingly, was not relevant. While this may be a fair characterization of that portion of the testimony as it relates to the location of the apartment in question, the entirety of the testimony must be considered. Appellant's statements to Calderon indicated that (1) he went to apartments looking for a party, (2) the apartments were in the same area as the Brentwood Apartments, where the crime occurred, (3) the apartment was occupied by two white females, (4) the hair color of the females matched that of the victims, (5) he entered without permission, and (6) upon leaving, he had asked for a hug. We conclude that the similarities between the event described by appellant and the victims' description of the crime are sufficient that this evidence makes it more probable that appellant committed the

charged offense. Therefore, we cannot say that the trial court abused its discretion in admitting the evidence.

Having determined that the evidence was relevant, appellant's argument that Calderon could not specify the time or place of the event appellant described goes to the weight to be given the evidence rather than to its admissibility. However, the fact finder is the exclusive judge of the weight to be given the evidence and we may not disturb the jury's determination absent a showing that the verdict is so against the great weight of the evidence as to be clearly wrong or unjust. TEX. CODE CRIM. PROC. ANN. § 38.04 (Vernon 2005); Clewis v. State, 922 S.W.2d 126, 135 (Tex.Crim.App. 1996). Appellant's contention does not meet this high burden.

We cannot say that the trial court's decision to admit Calderon's testimony was an abuse of discretion. Appellant's first issue is overruled.

**Rule 404(b)**

Appellant next contends that the testimony of Calderon was admitted as an exception to Rule 404(b) and was admitted to prove identity. Appellant's argument is that the testimony of Calderon lacked the similarity of characteristics to the charged offense to mark the acts as appellant's handiwork. To support this proposition, appellant cites the court to Bishop v. State, 869 S.W.2d 342 (Tex.Crim.App. 1993). While Bishop does stand for the proposition put forth by the appellant, appellant's reliance on it is misplaced. The State maintained throughout the trial that the testimony of Calderon was direct evidence

of the crime that also tended to prove identity. Appellant seems to believe that since the State's brief, filed in response to the brief filed by appellant in support of his motion to suppress, indicated that the State needed the testimony to prove the issue of identity, the testimony must be of an extraneous bad act. However, a close review of the record discloses that the appellant's only trial arguments regarding Calderon's testimony was that the evidence was not admissible because of a lack of relevancy, pursuant to Rules 401 and 402, and that, even if relevant, the testimony was substantially more prejudicial than probative, in contravention to Rule 403. Nowhere in the brief filed with the trial court did appellant argue that the evidence was extraneous evidence of other bad acts and we will not impute to the State the position that the evidence was of an extraneous bad act. Throughout the trial, the State maintained that the evidence was direct evidence that tended to prove appellant was at the scene of the crime on the night in question rather than evidence of extraneous events.

The case before the court is more akin to the factual situation found in Henderson v. State, 962 S.W.2d 544 (Tex.Crim.App. 1997). At issue in Henderson was the testimony of a witness that the appellant had admitted that she had committed a murder. The appellant in Henderson, much like the appellant in the instant case, contended that the testimony was of an extraneous offense unrelated to the charged offense. However, again as in the case before us, the State contended that the testimony related to the principal offense and was admissible as an admission. The court in Henderson agreed with the State and ruled that the testimony could rationally be viewed by a jury as an admission to committing the offense at trial. Id. at 567.

We are of the opinion that the testimony regarding appellant's statements could have rationally been viewed by the jury as an admission and, therefore, the admission of this evidence did not violate Rule 404(b). Appellant's second issue is overruled.

## Rule 403

Appellant's final contention is that, even if the testimony of Calderon was admissible as an extraneous act to prove identity, the probative value of the testimony was far outweighed by its prejudicial impact. The entire thrust of appellant's issue assumes that the evidence was admitted as an extraneous bad act. As we have already rejected that proposition, we overrule appellant's third issue.

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.